Mr. Justice Story
 

 delivered the opinion of the Court.
 

 Whatever might be our opinion (and we wish to be understood as expressing none) if the question in this case were entirely new, it cannot be affirmed, that there has been such a clear mistake of construction, as that justice and law require us to depart from the decisión of the local tribunals. The question here is, whether the third and fourth lines of this patent (following the order of the lines as they are given in the patent) are to be continued upon the courses called for by the patent until they intersect, or whether the fourth line is to be extended from the beginning to the distance called for by
 
 *582
 
 the patent, and then the closing line is to be drawn, so as to strike the termination of the second and fourth lines at the patent distances. In the former case, the fourth line will be longer than the distance called for by the patent ; in the latter, the third line will vary from the course called for by the patent. The counsel have stated, that the question resolves itself into this, whether the course shall yield to distance, or distance to the course. It may be laid down as án universal rule, that course and distance yield to natural and ascertained objects. But where these are wanting, and the course and distance cannot be reconciled, there is no universal rule that obliges us to prefer the one or the other. Cases may exist in which the one or the other may be preferred upon a minute examination of all the circumstances. In the present case, whichever construction is adopted, the plaintiffs will hold a larger portion of land than their patent calls for.. We must consider that the construction of the patent is somewhat doubtful. That it is susceptible of two constructions, each of which has some reasons to support it. If it bé doubtful, it would seem reasonable not to press the broadest construction against á party who is now in. actual possession under a perfectly good legal title. That possession ought not to be ousted without a clear title in the other party, especially where it has been upheld by the State tribunals. This very case, between the same parties, has. been already adjudicated in the Court of Appeals of Kentucky ; and that Court, upon full deliberation; de-
 
 *583
 
 elded in favour of the defendant.
 
 a
 
 It would be a great mischief for the same title to be in perpetual litigation. from the conflict of opinion between the Courts of the State and the federal Courts ; and we, therefore, acquiesce in the opinion of the Court of Appeals, upon the ground, that the point is one of local, law, has been fully .considered in that Court, and is a construction which cannot be pronounced unreasonable, or founded in clear mistake.
 

 Judgment affirmed.
 

 a
 

 Preston’s Heirs v. Bowmar, 2
 
 Bibb. Rep.
 
 493.