DELIA B. LEWIS, RESPONDENT, v. DAVID R. LEWIS, APPELLANT.

EVIDENCE.—Unless the evidence shows the alleged mistake clearly and satisfactorily, it is not sufficient to establish cause for the correction of a deed.

PARAMOUNT BOUNDARIES.—Where the permanent and visible or *ascertained* boundaries or monuments are inconsistent with the measurement, either of lines, angles or surfaces, the boundaries or monuments are paramount.

IDEM—JURISDICTION TO ASCERTAIN.—The locality at which a lost stake was set may be ascertained as well in a Court of law as by a suit in equity.

APPEAL from Polk County.

The plaintiff filed a complaint in ejectment, and the answer sets up what is relied upon as an equitable defense.

It is admitted that in 1855 the defendant, being the owner of a land claim embracing the premises in controversy, sold a part of it at six dollars per acre and executed a deed, under which the plaintiff claims, to Ira A. Hooker, the plaintiff's grantor, conveying to Hooker the southwest part of the land claim by the following descriptive words: Beginning at the southwest corner of the land claim and "running thence north 1°, 24' east fifty-nine chains to a stake; thence east forty chains; thence south 1°, 25' west forty-three and twenty one-hundredths chains; thence south 68°, 25' west forty-three chains to the place of beginning; containing one hundred and four acres." A piece of land four and one-half chains in width north and south and forty chains long, off the north end of the land which corresponds to those measurements, is the parcel in controversy.

The defendant claims that the stake mentioned in the deed, as at the termination of the line first described, was in fact only fifty-four and one-half chains from the place of beginning; that the parcel sold contained only eighty-six acres; and that there is an error in the deed in that respect; and that by mistake the deed was so written as to include the premises in controversy. He avers that he has tendered back to the plaintiff the purchase-money received by him for the surplus eighteen acres; and he asks that the deed be

reformed and that the plaintiff's action be barred. A decree was rendered in favor of the plaintiff.

*C. G. Curl, J. A. Applegate and John Kelsay,* for Appellant.

*Ben. Hayden and P. C. Sullivan,* for Respondent.

By the Court, UPTON, J.:

The answer in this case does not specifically point out in what particular there is a mistake in the deed sought to be reformed, but describes by metes and bounds a tract fifty-four and one-half chains in length, north and south, as the tracts actually sold, and avers that by mistake the deed was so drawn as to include the premises in controversy. The record shows that the only controverted question of fact on the trial related to the locality of the stakes set up by the parties on the day of the execution of the deed, as monuments of the northwest and northeast corners of the parcel actually sold.

It is admitted that the parties, after having agreed upon the price per acre, and before determining the size or shape of the parcel, went on to the ground with a surveyor, and that they there agreed upon the particular parcel to be sold, measured *its* west side, and set up a stake to mark the northwest corner of the parcel selected; and that the north line of the parcel actually sold runs due east from the place of that stake. On the trial, the controverted question of fact was, whether that stake was in fact placed fifty-nine chains from the southwest corner of the land claim, as indicated by the figures noted in the deed, or whether the distance is erroneously noted in the deed, and the stake was in fact planted at a point fifty-four and one-half chains from the place of beginning: in other words, whether that stake was in fact placed at the northwest or at the southwest corner of the parcel described in the complaint and now in controversy.

The cause having been treated by both parties as one cognizable in equity, we have carefully examined the evi-

dence, and we do not find it clearly and satisfactorily proved that the place selected by the parties as the northwest corner of the parcel sold was not fifty-nine chains from the southwest corner of the land claim. The evidence, therefore, is not sufficient to present a cause for correcting a deed, according to the decisions made by this Court in *Shively* v. *Welch* (2 Ogn. 288), and in *Newsom* v. *Greenwood*, decided at the present term.*

That it may not be inferred that this Court, as a Court of equity, has assumed jurisdiction of the subject-matter controverted in the proofs adduced by the respective parties in this cause, it is deemed proper to advert to another reason for affirming the action of the Circuit Court in denying equitable relief.

If the defendant could have established by evidence before a jury that on the day of selecting the land and at the time of executing the deed, the parties by mutual consent fixed the northwest corner of the parcel selected at the point fifty-four and one-half chains from the place of beginning, and there drove a stake to stand as a monument of that corner, there would be no occasion for correcting or reforming the instrument. The deed would then, without correction, call for the land the defendant says it should be made to call for, and the repugnance of the measurement to the known boundary or monument would be disregarded by the Court, whether such repugnancy be made to appear in an action or in a suit.

"Where the permanent and visible or *ascertained* boundaries or monuments are inconsistent with the measurement either of lines, angles or surfaces, the boundaries or monuments are paramount." (Civ. Code, § 845; *Preston's Heirs* v. *Bowman*, 6 Wheat. 580.)

"A conveyance is to be construed in reference to its distinct and visible locative calls, as marked or appearing upon the land, in preference to quantity, course or distance." (*Van Wyck* v. *Wright et al.*, 18 Wend. 157.) This rule applies upon ascertaining the place of the monument, although

* *Ante*, p. 119.

its locality had become uncertain. (*Jackson* v. *Britton,* 4 Wend. 507.)

If the visible monuments have disappeared but their places can be ascertained, the construction of the deed should of course be the same now as on the day it was executed.

"Where practical location and a long acquiescence have been held conclusive, it has been, 'not upon the notion that they are evidence of a parol agreement establishing the line,' but because they are of themselves proof that the location is correct, of so controlling a nature as to preclude evidence to the contrary." (*Baldwin* v. *Brown,* 16 N. Y. 359.)

In this case there is no reason why the locality at which a lost stake was set could not be determined and the true construction of a deed ascertained as well in a Court of law as by a suit in equity. To lay the foundation for correcting a deed something more should be shown than an ambiguity that can be explained by evidence, or a repugnance between distances noted and monuments agreed upon.

The defendant invokes equity jurisdiction to correct a mistake, but directs all his proofs to establish a fact, which, if true, shows that the deed needs no correction. We can see no reason for resorting to equity; and treating the case as an action, there is no ground for reversing the judgment. It should therefore be affirmed.