## AUGUSTINE RAYMOND, APPELLANT, *v.* EDWARD COFFEY AND JAMES COYL, RESPONDENTS.

PAROL EVIDENCE—WHEN ADMISSIBLE TO FIX A BOUNDARY.—Parol evidence is admissible to fix a boundary which is variable, to show the location of a stake or stones referred to in a deed as a monument, or to locate the boundaries where an ambiguity exists on the face of a deed. Such evidence is not objectionable on the ground that it alters, varies or contradicts the written instrument.

INCONSISTENT DESCRIPTIONS IN A DEED—HOW TREATED.—Where the parts of a description, in a deed, are inconsistent with each other, effect should be given to those consistent and intelligible portions which carry out the intention of the parties, and what is repugnant thereto rejected.

METES AND BOUNDS.—When a piece of land is conveyed by metes and bounds, this will control the quantity although not correctly stated in the deed.

APPEAL from Marion County.

· The facts are stated in the opinion of the Court.

*Boise & Willis,* for Appellant.

Parol evidence is not admissible to alter, vary or contradict a written instrument. (Code, § 771; 1 Greenleaf on Ev., §§ 275–285; 3 Greenleaf on Ev., § 360; 2 Starkie on Ev. 753–757; 2 Parsons on Con., 5th edition, 547–557; 2 Parsons on Con., note *d,* 550; 11 Barb. 149; 21 Barb. 398, 406–8; *Moore* v. *Jackson,* 4 Wend. 65.)

The deed must be so construed, {if possible, that every word in it may be operative. (*Moore* v. *Jackson,* 4 Wend. 67; *Jackson* v. *Blodget,* 16 Johns. 178.) No estate will pass by the deed except such as will agree to each part of the description. (*Jackson* v. *Clark,* 7 Johns. R. 223; Tyler on Ejectment, 569.)

The intention of the parties as evidenced by the words of the deed must in an action at law prevail. (2 Washb. on Real. Prop., side page 631.)

If the deed speaks by mistake, that can be shown only in a suit in equity to reform the mistake, and not in an action at law. (1 Greenleaf on Ev., § 296; *Jackson* v. *Sill,* 11 Johns. R. 213.)

If there was any ambiguity in the deed, it was patent, and parol evidence is not admissible to show patent am-

biguity.   (1 Greenleaf on Ev., ? 297, *et seq.;* 2 Starkie on Ev. 755.)

*Mallory & Shaw,* for Respondents.

If a deed contains more than one description, the first of which is entire and describes the land, and the last of which is inconsistent with the first, the last description must be rejected.   That description must prevail concerning which a mistake was the least likely to have been made.   (1 Greenleaf on Ev., ? 301; 2 Phillips on Ev., note 520, top page 657; *Melvin* v. *Proprietors of Locks, etc.,* 5 Metcalf (Mass.) 28–30; 3 Washb. on Real. Prop. 349, 353; Id. 344.)

As to the first description in this deed, there could have been no mistake, as monuments were erected and found on all sides of the premises described.

By the Court, MOSHER, J. :

The plaintiff brought his action to recover a part of the donation land claim of C. Bertrand and wife, situated in township four south, range two west, in Marion County. The deed under which the plaintiff claims was executed March 12, 1857, by C. Bertrand to Joseph Hebert, and described the premises as "all that tract or parcel of land known and described as the east part of the donation claim of C. Bertrand.   *   *   *   Said east part, supposed to contain about two hundred and twenty-five acres, more or less, and bounded on the north by the claim of C. Lambert, on the east by the claim of E. Raymond, on the south by the claim of Louis Bergevain, and on the west by the claim of Michael Coyle."   The deed under which the defendant claims, was executed February 25, 1856, by C. Bertrand to M. Coyle, and contained the following description: "Beginning at a stake on Louis Bergevain's north boundary, thence north eight degrees east, 40.25 chains to a stake on J. Lambert's south boundary; thence with said boundary to a point where it intersects Michael Coyle's east boundary; thence with said boundary to a point where it intersects Louis Bergevain's north boundary, to the place of beginning;

being parts of sections twenty-five and thirty-six, in township four south, of range three west." The issue in this case depends upon the establishment of the east boundary of Michael Coyle's land, and the error alleged is, that the court admitted oral testimony for that purpose.

It is too late to controvert the legal proposition that what constitutes a boundary in a deed is a fact for the jury and may be proved by any kind of evidence which is competent to prove any fact. Thus parol evidence is admissible to fix a boundary which is variable, to show the location of a stake or stones referred to in a deed as a monument, or to locate the boundaries where an ambiguity exists on the face of a deed. (*Opdyke* v. *Stephens*, 4 Dutcher, 89; *Brown* v. *Willey*, 42 Penn. St. 205; *Waterman* v. *Johnson*, 13 Pick, 261; *Blake* v. *Doherty*, 5 Wheat. 359, in which the court say that *identity* is the only question to be decided by a jury; and if they are satisfied the land held by the defendant is the same land which was granted to him, it is all that should be required.)

Such evidence is not objectionable on the ground that it alters, varies or contradicts the written instrument. In explaining by oral testimony where and how the objects referred to in the written documents were in fact made or existed, those muniments of title are not altered by parol evidence. The effect and meaning is explained by the facts referred to in the writings. In cases of lines thus established variant from the courses and bearings expressed on the face of the written document, the parol evidence does not contradict the deed, but shows the act and thing by oral evidence of the fact *in pais* to which the deed had allusion and was intended to describe. (*Baker* v. *Talbot*, 6 Monroe, 180.)

It is claimed by the appellant that the words in the deed under which the respondent holds, to wit, "being parts of sections twenty-five and thirty-six, in township four south, range three west," constitute the particular description which should govern, and that the beginning stake cannot be located outside of these sections. The true rule of construction, where the parts of a description in a deed

are inconsistent with each other, is to give effect to those consistent and intelligible portions which carry out the intention of the parties and reject what is repugnant thereto. If the instrument defines with convenient certainty what is intended to pass by it, a subsequent erroneous addition will not vitiate it. The description in the deed now under consideration is by metes and bounds, and if the beginning corner be established the whole tract intended to be conveyed can be easily and certainly ascertained. It is well settled that when a piece of land is conveyed by metes and bounds this will control the quantity, although not correctly stated in the deed. The words "being parts of sections twenty-five and thirty-six, in township four south, range three west," must therefore be treated as words of general description, and must be rejected if inconsistent with the description by metes and bounds.

All the questions in this case have been authoritatively settled by this Court in the case of *Lewis* v. *Lewis* (4 Or. 177), in which Upton, C. J., delivered the opinion of the court. It was there held that where the permanent and visible or *ascertained* boundaries or monuments are inconsistent with the measurement either of lines, angles or surfaces, the boundaries or monuments are paramount, and there is no reason why the locality at which a lost stake was set could not be determined and the true construction of a deed ascertained as well in a court of law as by a suit in equity.

It was not error in the court below to admit oral testimony to establish the beginning corner.

Judgment affirmed.