[No. 3064.]

CHARLES WADE AND ESTEFANA WADE *v.* JOHN DERAY AND ETIENNE MICHELOT ET AL.

EFFECT OF A PARTITION.—A judgment in partition has no other effect than to sever the unity of possession, and does not vest in either of the co-tenants any new or additional title in the respective parcels set off to each, and an amicable partition, effected by an interchange of deeds, produces the same result.

REPUGNANT DESCRIPTIONS IN A DEED.—When, in a deed, there are two descriptions of the premises conveyed, and there is a clear repugnance between these descriptions, the court will look into the surrounding facts and give effect to the description which is the most definite and certain, and which will carry out the evident intention of the parties.

PARTITION BY DEED.—If one of several tenants in common conveys to a party a portion of the land described by metes and bounds, and an amicable partition is afterwards made in which such portion is conveyed by deed to the grantor, such grantor does not acquire any new title to such portion which he can assert against his grantee.

APPEAL from the District Court, Third Judicial District, County of Santa Clara.

The rancho Rincon de los Esteros, granted by the Mexican nation to Domingo Alviso, was, after his decease, confirmed to his children, Rafael, Estefana, Maria de Jesus, and Magdalena. On the 19th day of January, 1863, said children, and James Lick, and William Welch, owned, as tenants in common, the southerly half of the rancho. Madeline Pacheco, the mother and guardian of the children, on the 1st day of August, 1854, conveyed to defendants Deray and Michelot, a tract of land, being part of the rancho, described as bounded on the southwest by the road leading from San Jose to Alviso, in length forty rods; thence lying northeast, a square plot, measuring on each of the four sides forty rods, and containing ten acres. The children were then minors. The grantees entered into possession under the deed, and planted the tract to grapevines, and improved, as stated in the opinion. In 1862 the road mentioned in the deed was vacated, and a new road laid out from San Jose to Alviso, leading across the vineyard, about sixteen rods easterly from the old road. Soon after the change of roads, Deray, who had acquired Michelot's interest, was advised that his title was not good, and applied to Rafael and Estefana, who had attained their majority, to sell him the tract which he occupied as a vineyard. They agreed to do so, and, on the 19th day of January 1863, gave him the conveyance mentioned in the opinion. This deed recited a consideration of four hundred dollars, and "granted, bargained and sold, conveyed and confirmed" to Deray "all of their right, title, claim, interest and demand in and to" the land described in the deed. The plaintiff Estefana Wade, was the wife of the plaintiff Charles, and the same person as Estefana Alviso. The deed of the tenants in common to Wright recited that they were tenants in common, and that they had agreed to partition, and that it was made to effect the partition, and that the land was conveyed to Wright in trust to convey to each of the co-tenants the tract which had been allotted to him

by the agreement to partition. This deed was dated the 26th day of October, 1865. The final survey of the rancho had been approved, but no patent had issued by the United States. The court rendered judgment for the defendants, and the plaintiff appealed.

The other facts are stated in the opinion.

*Houghton & Reynolds,* for the Appellants.

By the deeds to Wright, and from Wright to Estefana, she acquired all the estate in the land not conveyed to Deray by her previous deed to him. In the old deeds of partition, it was merely agreed that one should enjoy only a particular part, but now parties convey to each other the different estates which they take in severalty. (Cruise's Dig., Title 32, Ch. 6, Sec. 14.)

The conveyance made by Estefana and Rafael to Deray was a mere release of their interest, and he became a tenant in common with the other owners. The subsequent conveyance to her by Wright vested her with the interest of the other tenants in common, which right she has not parted with.

*D. M. Delmas,* for the Respondents.

The deeds to and from Wright were deeds of partition. They in no way affected the title of the parties. Their only effect was to sever the joint possession. They left the title just where they found it. After their execution, the parties held separate and distinct tracts by virtue, not of any new, but of their ancient titles. (*Goundie* v. *Northampton W. Co.,* 7 Barr, 233; *Dawson* v. *Lawrence,* 13 Ohio, 543; *Doe* v. *Dixon,* 5 Ad. & Ell. 834; *McClure* v. *McClure,* 2 Har. 134; *Tabler* v. *Wiseman,* 2 Ohio (N. S.) 207; *Coates* v. *Street,* 2 Ash. 12.)

The allotment to plaintiff, by those deeds, of the premises in controversy simply confirmed the conveyance which she had previously made to defendant. (*Johnson* v. *Stevers,* 7 Cush. 433; *McKey* v. *Welch,* 22 Texas, 390; *Holcomb* v. *Corryell,* 3 Stockt. (N. J.) 548; *Varnum* v. *Abbott,* 12 Mass. 466.)

By the Court, CROCKETT, J.:

The plaintiff, Estefana Wade, formerly Estefana Alviso, and one Rafael Alviso, were tenants in common with several other persons of a larger tract, which included the premises in controversy in this action. Whilst thus tenants in common, Estefana and Rafael conveyed by deed to the defendant Deray all their right, title and interest in and to a particular portion of the general tract. The description of the particular tract thus conveyed will be noticed hereafter. Subsequently all the tenants in common agreed upon an amicable partition of the general tract amongst themselves, and upon the particular parcel to be set apart to each of them. For the purpose of carrying the partition into effect, it was mutually agreed between all the tenants in common that they would unite in a deed conveying the whole tract to one Wright, who was thereupon to convey to each of the tenants in common, in severalty, the particular parcel which it had been agreed should be set apart to him or her. This agreement was carried into effect. They all united in a deed to Wright for the whole tract, and he immediately conveyed to each of them in severalty the particular parcel agreed upon. The parcel to Estefana included the tract previously conveyed to the defendant Deray as already stated. It appears that Deray had no notice of the agreement to make the partition, or of the conveyance to Wright, and from the latter to Estefana and the other tenants in common. This action is ejectment in the ordinary form, brought by Estefana and her husband against Deray and those claiming under him, to recover the possession of the premises included in the deed to Deray. The argument on behalf of the plaintiff is, that when Estefana conveyed to Deray all her right, title and interest in the particular tract described in her deed, she had only an undivided interest, which passed by the deed; but that she could not have conveyed, and did not undertake to convey, any greater interest than she then had, and that there are no covenants in the deed by means of which the title which she afterwards acquired through the conveyance from

Wright will inure to the benefit of Deray. She claims that through the deed from Wright she acquired a title to the premises therein conveyed which she did not have before, to wit, the title of her co-tenants, and that Deray has no interest in the newly acquired title, and cannot claim the benefit of it. On the other hand, the defendant claims that the conveyance to Wright, and from him to the several tenants in common, was only resorted to as a convenient means of effecting an amicable partition without suit, and had no other effect than to set apart to each of the tenants in common the parcel which he or she was entitled to, and only severed the possession, but did not convey to either of the tenants in common any other or greater interest than he had before.

It is well settled that a decree or judgment in partition has no other effect than to sever the unity of possession, and does not vest in either of the co-tenants any new or additional title. After the partition each had precisely the same title which he had before; but that which before was a joint possession was converted into a several one. If this be the only effect of a judgment in partition, I do not perceive how an amicable partition effected by an interchange of deeds could produce a different result. It is certain that neither of the co-tenants intended to convey to the others any portion of his own interest in the land, and that the sole object of all was only to sever the unity of possession, and nothing more. When Estefana and Rafael conveyed to Deray, it must be presumed to have been within the contemplation of the parties that if the tract conveyed should thereafter be set apart to either or both of the grantors, it would inure to the benefit of Deray; and, on the other hand, if it should be set apart to one of the other tenants in common, Deray would or might lose the land. In my opinion, Estefana has acquired no new interest or title through the deed from Wright which she can assert against her grantee, Deray. There is a contest, however, in respect to the boundaries and quantity of the tract conveyed. In the deed from Estefana and Rafael to Deray, the parcel conveyed is described as follows, to wit:

"That tract of land now used and occupied by the said Deray as a vineyard, on the road leading from the town of Alviso to the city of San Jose, and about three miles in a southerly direction from said town of Alviso, or the Embarcadero, nearly opposite to the old mill, near the mill of James Lick, having a front on the southwest side of the road leading from San Jose to Alviso of forty (40) rods; thence running northeasterly, so as to form a square plot or tract of land forty rods on each of its four sides, and containing ten acres, more or less, with the right of any change of said road that may hereafter be made."

It appears from the agreed statement of facts that for many years prior to the execution of this deed Deray had been in the actual possession of a tract containing about sixteen acres, which was planted in grape-vines, and inclosed with a substantial fence and with a deep ditch; that he occupied and actually resided on the land for many years, claiming title thereto under a conveyance from the mother of Estefana; that he was engaged in the manufacture of wine, and had erected on the premises the necessary buildings for that purpose; that recently, before execution of the deed from Estefana and Rafael, the road from San Jose to Alviso had been changed, so as to materially affect its relative position towards this property, which fact was unknown to the attorney who drew up the deed; that Estefana and Rafael, when they executed the deed, were fully aware of the condition of the property, and that it had been occupied for many years by Deray as a vineyard, under a conveyance from their mother. It further appears that if the land be located by the last description in the deed, to wit, "Having a front on the southwest side of the road leading from San Jose to Alviso of forty (40) rods; thence running northwesterly, so as to form a square plot or tract of land forty rods on each of its four sides, and containing ten acres, more or less," there would be excluded from the conveyance several acres of the land occupied, inclosed and cultivated by Deray, and including most or all of his buildings. There is, therefore, a clear repugnance between the first and second descriptions contained in the deed, and effect cannot

be given to both. We must read the deed in the light of the surrounding facts, and as Deray was then using and occupying the whole tract as a vineyard, under a substantial inclosure, as was well known to the grantors, the conclusion is irresistible that they intended to convey the whole. The first description is by natural objects appearing on the ground, as evinced by his actual occupation of the whole tract as a vineyard. This description is more definite and certain than the next description by courses and distances, and should therefore prevail.

Judgment affirmed.

Mr. Justice RHODES dissented.

The foregoing opinion was delivered at the April term, 1872. A rehearing was granted, and at the October term, 1875, the following opinion was delivered:

By the COURT:

A majority of the Court adheres to the original opinion filed in this case, which will, therefore, stand as the opinion of the Court.

Judgment affirmed.

Mr. Justice McKINSTRY delivered the following dissenting opinion, in which Mr. Justice RHODES concurred:

The deed from the original co-tenants to Wright, and the conveyance by Wright to each of the former co-tenants, in severalty, of a particular portion of the lands previously held in common, operated to vest each with the entire title in a specific tract. We do not think the cases cited by the respondent establish the proposition for which he contends, that the effect of the deeds was not to enlarge the estate of the plaintiff Estefanà, but only to sever the joint possession. Prior to her marriage with the other plaintiff, and when she was the owner of an undivided interest in the southerly half of the Rancho Rincon de los Esteros, she sold and conveyed her right, title and interest in the tract known as Deray's vineyard (and which is included within the boundaries of

the land conveyed to her by Wright), to the defendant John Deray. The subsequent deeds to Wright, and from Wright to the plaintiff Estefana, made her a tenant in common with Deray, in the smaller tract previously conveyed to him. To the extent of her individual interest acquired subsequent to her deed to Deray, she was entitled to recover in this action.

The attempted description by metes and bounds in the deed, by the plaintiff Estefana, to the defendant Deray, is insufficient to convey any definite tract. The first description in the same deed is good, and the conveyance carried the vineyard of Deray, as the same existed at the date of the instrument.

In my opinion the judgment should have been reversed, and the cause remanded.