# BOARD OF SCHOOL LAND COMMISSIONERS *v.* WILEY AND DAVIS.

CONVEYANCE— SURPLUSAGE IN DESCRIPTION.—A sufficient description of lands, in a written instrument, is not impaired by the addition of a false particular inconsistent with such previous description. The false particular should be rejected as surplusage.

IDEM.—So held where, to a good description of lands in a mortgage, was added the statement that they *lay* in a designated township, while in fact, they lay partly in that, and partly in an adjoining township.

CO-TENANT—PARTITION.—A partition of land upon the undivided half of which one co-tenant has previously executed a mortgage, does not affect the interest of the mortgagees; such co-tenant acquires no new title or interest by the partition, its effect being merely to sever his interest in the land from that of his co-tenant.

A DECREE of foreclosure and sale, rendered upon such mortgage, prior to the partition, is not affected by it, and such decree effectually secures the rights of the mortgagees, and no further decree is necessary.

APPEAL from Linn County.

*Strahan & Bilyeu,* for appellant.

*Bonham & Ramsey,* for respondent.

By the Court, WATSON, J.:

This suit was brought in the circuit court for Linn county, to set aside a decree of foreclosure and sale of mortgaged premises, rendered by that court in a former suit between the same parties, and to obtain a new decree of the same character, but containing an accurate description of the premises intended to be sold by the former decree. The mortgage foreclosed was executed by the respondent, Andrew Wiley, and Elizabeth Wiley, his wife, on February 22, 1870, to secure the payment of a promissory note of $1,000, given by Andrew Wiley for money loaned him by the appellant out of the school fund. The respondent, Davis, claims title to a portion of said claim, as a subsequent purchaser in good faith, and for a valuable consideration, and although a

party to the former suit, and bound by the decree therein, objects to the relief sought by the appellant in the present case.   The description of the lands in the mortgage, which is the same as in the former decree, is as follows: "The undivided one-half of the donation land claim of Andrew Wiley and Lucy Wiley, his wife, (now deceased) notification 7,630, lying and being in township 13 south, range 1 east, Willamette meridian."

It appears from the complaint that at the time the mortgage was executed, the land claim mentioned belonged to the respondent, Andrew Wiley, and the heirs of his deceased wife, Lucy, under the donation law, but that it had never been divided at the proper land office, and the half enuring to him designated, as provided by that law, and no patent had been issued.   That it was the intention of the parties that the mortgage should bind the half which should be allotted to the said Andrew, on such division, and the description in the mortgage was employed by them to designate such half.   That after the entry of the former decree, foreclosing said mortgage and directing the sale of the property by the same description which the mortgage contained, the land claim was divided in the proper land office, and the south half designated as enuring to the said Andrew, and the north half to the heirs of the said Lucy, deceased.   That said land claim lies partly in said township 13 and partly in township 14 adjoining, and in the same range.

Upon this state of facts the appellant claims, that, in the absence of any intervening equities in third parties, they are entitled, in equity, to have the former decree set aside, and to have a new decree entered foreclosing said mortgage on said south half of said donation land claim, as set apart to the respondent, Andrew Wiley, at the land office, and also to have the description of the whole claim amended so as to

show that it lies in township 14, as well as in township 13, S., R. 1 E.   In our view of the case it is not necessary to consider the claim interposed by the respondent Davis, or the evidence adduced in its support.   We are fully convinced that the appellant has stated no case entitling it to the equitable relief sought.

The description of the tract mortgaged as the "donation land claim of Andrew Wiley and Lucy Wiley, his wife, deceased, notification 7630, lying and being in township 13 S., R. 1 E., Wil. mer.," would be sufficient to identify it if the township should be entirely rejected.   The intention to mortgage the undivided one-half of the whole donation is too apparent from the description to admit of doubt or controversy.   No court, either of law or equity, could hesitate to so pronounce.

In *Myers et al.* v. *Ladd et al.*, 26 Ill., 417, Caton, C. J., delivering the opinion of the court, commenting upon the effect of false particulars in the written description of property, says:   "The description of the property itself was perfect, but there was a mistake as to the geographical position of the mill in which it was situated.   Parol evidence was not only admissible, but was absolutely indispensable to identify the property described in the mortgage, and where that parol evidence did identify the property consistently with the description in the mortgage, that was sufficient.   If I give a bill of sale of my black horses, and describe them as being now in my barn, I shall not avoid it by showing that the horses were in the pasture, or on the road.   The description of the horses being sufficient to enable witnesses acquainted with my stock to identify them, the locality specified would be rejected as surplusage.   Nor is this rule confined to personal property.   It is equally applicable to real estate.   If I sell an estate and describe it as my dwell-

ing house, in which I now reside, situated in the city of Ottowa, I shall not avoid the deed by showing that my residence was outside the city limits. So if a deed describe land by its correct numbers, and further describe it as being situated in a wrong county, the latter is rejected. The rule is that where there are two descriptions in a deed, the one as it were superadded to the other, and one description being complete and sufficient of itself, and the other, which is subordinate and superadded, is incorrect, the incorrect description, or feature, or circumstance of the description, is rejected as surplusage, and the complete and correct description is allowed to stand alone." The same doctrine is maintained by all the authorities. (*Raymond* v. *Coffer*, 5 Or., 132; *Wade* v. *Deray*, 50 Cal., 376; *Heaton* v. *Hodges*, 30 Amer. Decis., 736, note.

If the description, then, as it is found in the mortgage and decree of foreclosure and sale, sufficiently discloses the real intention of the parties in this respect, after rejecting the false and unnecessary addition, which could mislead no one, then we perceive no good ground for resorting to a court of equity for any relief as to this matter. When such intention is thus manifest, upon the face of the instrument, it is equally binding upon subsequent purchasers, as it is upon the courts, when called upon to construe it. Upon the only remaining proposition, contended for by the appellant, little need be said. The complaint shows upon its face, that the parties to the mortgage deliberately employed the words of the description to express their meaning as to the interest in the donation land claim, which was to be subject to the mortgage lien.

The appellant now claims, and truly perhaps, that this description was employed to designate the half of the donation land claim which should afterwards be set off to the

mortgagor, Andrew Wiley, in the proper land office.  But if the language so employed did not disclose such intention, viewed in the light of surrounding circumstances, it was a mere mistake of law, and did not entitle them to equitable relief.  If the description, however, either alone or in connection with the condition of the title to the premises, and the relations of the parties thereto, could have been made to express such an intention, then obviously it was incumbent upon the appellant to assert such rights in the former suit, or show some lawful excuse in the present, for not having done so.  But if this ground could be ever so fairly established, we cannot perceive its materiality.

If Andrew Wiley, at the time he executed the mortgage, owned an undivided half of the donation land claim, no matter what the source from which he derived his title, the lien of the mortgage attached to it.  A subsequent partition, whether by the proper officers of the U. S. government under the provisions of the donation law, or by the decree of a competent state court, allotting him his half in severalty, could not affect such lien.  He would acquire no new title or interest by the partition.  All that would be affected would be a severance of that interest from the interest of his co-tenants.  The lien would not be disturbed, for the interest to which it attached, at its creation, would remain the same.  (*Wade* v. *Deary*, 50 Cal., 376; *Campon* v. *Godfrey et al.*, 18 Mich., 27.)

We are well satisfied that partition taking place subsequent to the entry of a decree of foreclosure of a mortgage, given upon an undivided interest, and order of sale thereof, works no such change in the situation of the parties to such decree, as to require any additional decree, such as is sought for in this suit.

Decree dismissing suit affirmed.