## Wytheville.

### McKinney v. Daniel.

#### June 14th, 1894.

Ejectment—*Title of plaintiff.*—In order to recover the land sued for in eject-
  ment, a good and sufficient title thereto must be shown in the plaintiff,
  who cannot recover on the defect of title in the defendant in possession.
  Code, § 2725.

Error to judgment of circuit court of Prince Edward county,
rendered October 3, 1891, in an action of ejectment wherein
Wm. Daniel was plaintiff and P. W. McKinney, Annie C.
McKinney, and R. C. McKinney were defendants. The judg-
ment being for the plaintiff, the defendants brought the case
here on error. Opinion states the case.

*J. P. Fitzgerald* and *Meade Haskins*, for plaintiffs in error.

*R. T. Hubbard*, for defendant in error.

Lacy, J., delivered the opinion of the court.

This action is ejectment for two small parcels of land in
Farmville adjoining the land of the plaintiffs in error, and
heretofore for many years used and occupied by the plaintiffs
in error. It appeared at the trial that the plaintiffs in error,
the defendants below, held this, or three parcels of land of
irregular shape, containing about one-sixth of an acre, under a
mistake, having bought the buildings erected thereon from the

United States government; the government not having acquired the land, did not and could not pass any title thereto. After a lapse of twenty years the plaintiff below discovering that the land in question had belonged to his ancestor, George W. Daniel, and had not been granted to the persons in possession, brought his action of ejectment to recover the same.

Under the evidence certified, it is established that the defendants had not acquired the title to the parcels from the government nor other person, and had no title to the same.

It was also proved that George W. Daniel left a will, and devised the land south of the railroad there situate, and on both sides of a small stream called Little Buffalo river, to his niece, Lucy K. Daniel, now Mrs. Lucy K. Kinckle, and that on the north side of the railroad and both sides of the little river aforesaid, to another niece, Anna T. Daniel.

The land in dispute answers the description of the land devised to Lucy by the ancestor. It does not appear to have been overlooked by the testator, but to have been disposed of by will. A controversy, taking the form of several suits between the parties claiming under the will of G. W. Daniel, was settled by written agreement, and embodied in a consent decree in the causes, whereby this land was left as the will left it, and it so remained for nearly twenty years before any claim was made to it by the plaintiff below, on the ground that it had been omitted from the will, or any other ground. It appears in the suit that the land does not belong to the defendants unless they have acquired title to it since suit brought, which the record shows they have made an effort to accomplish. But it is clear enough that it does not belong to the plaintiff, who, being without title, could not maintain his suit for it, whether the defendant had title or not.

"No person shall bring such action (as this) unless he has at the time of commencing it a subsisting interest in the premises claimed, and a right to recover the same, or to recover possession thereof, or of some share, interest, or portion thereof." Code of Virginia, § 2725.

As the party in possession of property is presumed to be the owner until the contrary is proved, it is necessary for a claimant in ejectment to show in himself a good and sufficient title to the land, to enable him to recover it from the defendant. He will not be assisted by the weakness of the defendant's claim. The possession of the latter gives him a right against every man who cannot establish a title; and if he can answer the case on the part of the claimant by showing the real title to the land to be in another, it will be sufficient for his defence (except in those cases in which the relationship of landlord and tenant subsists between the parties, and the defendant is estopped from disputing his landlord's title), although he does not pretend that he holds the land with this consent, or under the authority of the real owners. *Dunbar, &c.* v. *Todd,* 6 Johns., 257; *Klock* v. *Hudson,* 3 Johns., 375; *Colston* v. *McKay,* 1 Marsh, 251; *Gilliland* v. *Woodruff,* 1 Cowen, 276; *Recard* v. *Williams,* 7 Wheat., 105, 106; *Preston* v. *Bowman,* 6 Wheat., 582.

The circuit court properly instructed the jury in the law, which appears to have been disregarded by them. And the circuit court should have set the verdict aside on the motion of the defendants. Which motion, however, the court overruled, which was error on the part of the said circuit court for which the said judgment will be reversed and annulled, and the case remanded for a new trial to be had therein.

JUDGMENT REVERSED.