(33 South. 570.)

No. 14,298.

HALL v. CAPLIS.

(Feb. 2, 1903.)

BOUNDARIES—SECTION LINES—RE-ESTAB-
LISHMENT.

1. In re-establishing a section line the sur-
veyor's marks within the township are safer
guides than the surveyor's marks of an ad-
joining township, surveyed a year later.

2. In re-establishing a boundary line, in case
of discrepancy between the measurements of
the original survey and a natural monument
the latter controls.

(Syllabus by the Court.)

Appeal from judicial district court, parish
of Bossier; John Thomas Watkins, Judge.

Action by Dwight S. Hall against Thomas
Caplis. Thereafter A. J. Hall was substitut-
ed as plaintiff. Judgment for plaintiff, and
defendant appeals. Affirmed.

Alexander & Wilkinson, for appellant.
Sutherlin & Hall, for appellee.

PROVOSTY, J. This suit is over the own-
ership of two tracts of land—one, a strip
extending across the northern part of section
10, and measuring 6 chains north and south;
the other, an area of 19.45 acres, which, ac-
cording to plaintiff, forms a part of the lots
3 and 4 of section 9, and, according to de-
fendant, constitutes lot 1 of same section—
all in township 16, range 12, W. N. W. D.,
in Bossier parish.

In connection with the first of these tracts,
we find in the record the following admis-
sion:

"In this case it is admitted for the pur-
pose of the trial of this case that the plain-
tiff owns the land in section 10, township
16, range 12 south of Flat river, up to the
section line between sections 10 and 3, and
it is admitted that he does not own any
land north of said section line in section 3."

The question as to this lot is, then, as to
the location of the section line. We have
no hesitation in holding with the district
judge that the Henry survey properly lo-
cates this line. It is predicated on the land-
marks or surveyor's marks within the town-
ship; whereas the surveys which locate the
line further south have in all probability
adopted for their starting point a monument

established with reference to the adjoining
township 17, which was surveyed one year
later than township 16, and which may have
been established six chains further south.

According to both the field notes and the
plat of survey of township 16, the lot 1 of
defendant is separated from the lots 2 and
3 of the plaintiff by a well-defined body of
water, which constitutes, or at one time con-
stituted, the boundary. The lots were un-
questionably laid off with reference to this
body of water, lot 1 north of it, and lots 3
and 4 south of it. Defendant would now
want to cross the water boundary, and take
land south of it. He cannot be permitted to
do so. The evidence abundantly shows that
the body of water is a permanent monument
between the two tracts of land. This monu-
ment controls the mere measurements of the
surveyor. There might be error in the meas-
urements, but there can be none in the
monument. That in case of discrepancy be-
tween measurement and monument the lat-
ter must control, is well settled. County of
St. Clair v. Lovingston, 23 Wall. 46, 23 L.
Ed. 59; Higuera v. United States, 5 Wall.
827, 18 L. Ed. 469; Newsom v. Pryor's Les-
see, 7 Wheat. 8, 5 L. Ed. 382; Brown v.
Huger, 21 How. 318, 16 L. Ed. 125; Wells
v. Compton, 3 Rob. 171; Preston v. Bowman,
6 Wheat. 580, 5 L. Ed. 336.

The district judge found that the rents of
the land compensated the improvements put
upon it by defendant. We see no reason for
changing the judgment.

It is therefore ordered, adjudged, and de-
creed that the judgment appealed from be
affirmed.