Argued February 17, affirmed March 7, 1916.

## WETTERSTEN v. FISHER.

(154 Pac. 534.)

**Ejectment — Pleading — Description of Property Sufficient to Confer Jurisdiction.**

1. A description of realty in the complaint in an ejectment action as "real property situate in the county of Multnomah, State of Oregon, to wit, lot eight (8), block seven (7), in Central Albina, an addition to the City of Portland, Multnomah County, Oregon," when accompanied by the statement that the premises were familiarly known as a certain number and street, which was the only property owned by the plaintiff and occupied by her, is sufficient to confer jurisdiction on the County Court of that county.

Deeds—Sufficiency of the Description of the Property Conveyed.

2. A description in a deed of realty as "lot eight (8), block seven (7), in Central Albina addition to the City of Portland, Multnomah County, Oregon," is sufficient to convey the interest in the lot, although the article "an" was omitted between the words "Albina" and "addition," since that omission did not necessarily render the description uncertain, where the deed also recited that the property described was the only property owned by the grantor, and referred to papers on file in connection with the sale under court order, as property of a minor.

[As to sufficiency of description in deeds, see note in 66 **Am. St. Rep.** 60.]

From Multnomah: GEORGE N. DAVIS, Judge.

Department 1.   Statement by MR. JUSTICE McBRIDE.

This is an action in ejectment by Esther P. Wettersten and Charles A. Johns, guardian of the person and estate of Esther P. Wettersten, a minor, against Susie Fisher and Leonard Fisher, to recover an undivided one-third interest in lot 8, block 7, Central Albina, an addition to the City of Portland, Multnomah County, Oregon. The cause was tried before the court without a jury. The court made findings, which are conceded by the plaintiffs to correctly state all the necessary facts in the case, as follows:

"(1.) Prior to January 14, 1910, Walter B. Wettersten, Alma H. Wettersten and Esther P. Wettersten were the owners in fee simple as tenants in common and as legatees of their mother, of the following described real property situate in the county of Multnomah, State of Oregon, to wit: Lot 8, block 7, Central Albina, an addition to the City of Portland, Multnomah County, Oregon.

"(2.) Since that time the defendants have become and now are the owners of the undivided two thirds at that time belonging to Walter B. Wettersten and Alma Wettersten, the only dispute in this suit being as to the one third at that time owned by Esther P. Wettersten.

"(3.) On or about October 1, 1909, Walter B. Wettersten was duly appointed guardian of the person

and estate of Esther P. Wettersten, a minor, and duly qualified as such and entered upon the discharge of his duties. The estate belonging to the said Esther P. Wettersten consisted of the one-third interest in the above-described real property, which was the only real property owned by her. On this lot was situated a small house which was known as No. 889 Borthwick Street. This property was inventoried in said estate as being worth approximately $666.65, and that amount represented the reasonable value of the property at that time, and said property, at least during the month of January, 1910, was occupied by the said minor and her guardian, Walter B. Wettersten, his wife and child.

"(4.) On January 14, 1910, Walter B. Wettersten filed in the County Court of the State of Oregon, for Multnomah County, a petition as guardian of the person and estate of Esther P. Wettersten, a minor, for license and authority to the said guardian to sell real property belonging to the estate and described in the petition as follows: 'Lot eight (8), block seven (7), in Central Albina Addition to the City of Portland, Multnomah County, Oregon, which property is familiarly known and described as 889 Borthwick Street in said city.' This petition also recited that the property described was the only real property belonging to the estate of the said Esther P. Wettersten, a minor, and that it was occupied by her and her guardian and his wife and child.

"(5.) Thereafter, on January 14, 1910, an order of the County Court of the county of Multnomah was made to show cause why such sale should not be authorized and licensed, and such further proceedings were had that on April 16, 1910, the property described in said petition was sold to Susie Fisher, one of the defendants herein, for the sum of $1,000, and return of sale was duly made, and on April 16, 1910, an order of confirmation of the sale was duly made and entered. This sale and the proceedings for such sale were proper and correct in all details and all proceedings required by law in the sale of real property belonging to a minor were had, the property being described as above set out in said petition. In this sale it was the intention

of all parties to sell the real property belonging to the said minor's estate. And thereafter, pursuant to said sale and order of confirmation, the return of sale and report of guardian shows that said defendant, Susie Fisher, paid to the said Walter B. Wettersten, guardian, the sum of $1,000, which was accepted by him, and a deed was thereupon made by him as guardian to the said defendant, Susie Fisher, which deed was recorded on the 19th day of April, 1910, in book 495, at page 143, and on January 12, 1911, in book 524, page 127, of the Records of Deeds of Multnomah County, which deed described said property as being lot eight (8), block seven (7), in Central Albina Addition to the City of Portland, Multnomah County, Oregon, and further recited that the property conveyed was the only property owned by the said Esther P. Wettersten, a minor, in addition to referring to the several papers herein referred to, filed in said County Court in connection with the sale of said premises.

"(6.) Defendants herein are husband and wife, and that immediately on the execution of said guardian's deed from Walter B. Wettersten to the defendant, Susie Fisher, the said Esther P. Wettersten, minor, and Walter P. Wettersten, her guardian, delivered possession of said premises to the defendants and ever since said date said defendants have been in continuous, open and notorious possession of the same, exclusive of the plaintiff Esther P. Wettersten, and the plaintiff, Charles A. Johns, her present guardian."

Upon these findings the court entered a judgment for defendants, and plaintiffs appeal.      Affirmed.

For appellants there was a brief over the name of *Messrs. Kollock, Zollinger & McDowall,* with an oral argument by *Mr. John K. Kollock.*

For respondents there was a brief over the names of *Mr. Virgil A. Crum* and *Mr. Miller Murdoch,* with an oral argument by *Mr. Crum.*

MR. JUSTICE MCBRIDE delivered the opinion of the court.

1, 2. The description in the petition was sufficient to give the County Court jurisdiction, and the description in the deed was adequate to convey all of Esther P. Wettersten's interest in the property described in the complaint: 13 Cyc. 630, 632, 637; 8 R. C. L. 1037; *Raymond v. Coffey,* 5 Or. 132, 134; *Pursley* v. *Hayes,* 22 Iowa, 11, 39 (92 Am. Dec. 350). It is conceded and found that the property described in the complaint was the only real property owned by the minor, and that there was a house on the property known as 889 Borthwick Street; that the intent of all parties was to sell the property that is described in the complaint, and but for the omission of the article "an" between the word "Albina" and the word "addition," everything connected with the sale is regular. The accidental omission of the article "an" in the petition and deed could not have misled anyone. If it, standing alone, might have rendered the description uncertain, which under the findings we very much doubt, that uncertainty was cleared up and cured by the allegation in the petition that the premises were familiarly known as No. 889 Borthwick Street, that it was the only real property owned by the minor, and that it was occupied by her and her guardian and his wife and child. The deed also recited that it was the only property owned by the minor, and referred to the papers on file in connection with the sale. We are of the opinion that the guardian's deed passed the title to the purchaser. The judgment is affirmed.        AFFIRMED.

MR. CHIEF JUSTICE MOORE, MR. JUSTICE BURNETT and MR. JUSTICE BENSON concur.