[No. 2,140.]

## DAVID KENYON v. JOHN QUINN.

PRE-EMPTION CLAIM.—The question whether a preëmption claim on the public lands is subject to seizure and sale, under an execution against the pre-emptioner, not decided.

WHAT SHERIFF MAY SEIZE AND SELL.—A Sheriff, under an execution issued on a judgment, which is not a lien, can only seize and sell such

title and interest as the judgment debtor had in the land at the time of the levy, and such as he acquired between the time of the levy and the sale.

UNITED STATES CERTIFICATE CONVEYS AN EQUITABLE TITLE ONLY.—A preëmptioner on public lands, by paying for the same and obtaining a certificate of purchase, acquires only an equitable title to the land, which entitles him to a conveyance of the legal title by a patent from the Government.

WHEN SHERIFF'S SALE CONVEYS AN EQUITABLE TITLE.—If, after the levy of an execution by the Sheriff on public land, and before the sale, the judgment debtor, being a preëmptioner, pays for the land levied on, and obtains a certificate of purchase, the purchaser at the Sheriff's sale succeeds only to the equitable title of the judgment debtor, who, when he obtains the legal title by means of the patent, holds it in trust for the purchaser at the Sheriff's sale.

A SHERIFF'S DEED.—The thirty-third section of the Act concerning conveyances, which provides that a conveyance of land in fee simple absolute shall convey the legal estate afterwards acquired by the grantor, has no application to a Sheriff's deed, made under execution sale.

EQUITABLE TITLE AS DEFENSE TO BE PLEADED.—If a defendant in ejectment desires to avail himself of an equitable title, as a defense, he must plead it, and ask for the appropriate relief.

EVIDENCE OF A TRUST.—If the plaintiff in ejectment holds the legal title in trust for the defendant, the defendant cannot, on the trial, introduce evidence of that fact, unless he sets it up in his answer, and asks for the appropriate relief.

APPEAL from the District Court of the Fifth Judicial District, San Joaquin County.

Ejectment to recover one hundred and sixty acres of land. For several years prior to January 1st, 1867, a contest had been going on in the United States Land Office between Brennus Kenyon, a brother of the plaintiff, and the defendant, relative to the demanded premises, the same being a part of the public domain of the United States. Said Brennus claimed the land as a preëmptioner, under the laws of the United States; and the defendant claimed it by a location made through him by the State of California, as a part of the five hundred thousand acres granted by Act of Congress to the State of California for school purposes. This contest was decided by the Secretary of the Interior in favor of said Brennus, on the 29th day of January, 1867. On the 22d

day of January, 1863, the defendant obtained a judgment against said Brennus for thirteen hundred and fifty-eight dollars. On the 19th of March, 1867, the defendant caused an execution to be issued on the judgment; and the Sheriff, on that day, levied on the interest of said Brennus in the land. On the third day of April following said Brennus paid the United States for the land, and received a certificate of purchase. On the twenty-ninth day of April thereafter, the Sheriff, after legal notice, sold the land to satisfy the execution, and the defendant became the purchaser. On the 1st day of October, 1867, a patent was issued by the United States to said Brennus for the land. On the 29th day of October, 1867, the Sheriff executed a deed to the defendant. On the 30th day of April, 1867, said Brennus conveyed the land to the plaintiff, and again, in 1868, made another conveyance to the plaintiff.

On the trial of this action the defendant offered in evidence the said judgment, execution, Sheriff's certificate of sale, and deed. The plaintiff objected to the same, and the Court overruled the objection. The defendant had judgment, and the plaintiff appealed.

The other facts are stated in the opinion.

*J. H. Budd*, for Appellant.

The Court erred in overruling the objection of plaintiff to the judgment, execution, Sheriff's sale, and Sheriff's deed, offered in evidence by defendant. Such evidence was clearly irrelevant under the pleadings. The legal title was derived from the United States under the patent. The most that could be claimed from such evidence was to show that the defendant had acquired the equitable title of plaintiff's grantor to the land, arising from payment of the purchase money to the United States; but the answer sets up no such equitable title. In ejectment, unless an equitable defense is set up, the legal title must prevail. (*Clark* v. *Lockewood*, 21

Cal. 220.) An equitable defense cannot avail a defendant unless it be pleaded. (*Cadiz* v. *Majors*, 33 Cal. 288.)

The Sheriff could not have levied on the equitable interest of plaintiff's grantor arising from payment of the purchase money, since such equitable interest did not exist at the time of the levy. The levy controlled all subsequent proceedings. (*Steaper* v. *Fisher*, 1 Rawl. 155.) Plaintiff's grantor acquired his right to the land under the preëmption laws of the United States. This right could not be assigned or transferred prior to the issuing of the patent. (Preëmption Act of 1841, Sec. 12.) There is no ambiguity in the preëmption law on this point. It provides that "all assignments and transfers of the right hereby secured prior to the issuing of the patent shall be null and void."

*George W. Tyler*, for Respondent.

At the time of the levy and sale, Brennus Kenyon had an equitable title to the land, a preëmption claim being an equitable interest that can be sold on execution. At any rate, the right acquired by him upon payment for the land, and taking a certificate of purchase, may be sold, as well as taxed. (Pr. Act, Sec. 217; *People* v. *Shearer*, 30 Cal. 645; *Bludworth* v. *Lake*, 33 Cal. 255.) The Sheriff levied on all the right, legal and equitable, Kenyon had, and that right passed by the Sheriff's deed. At common law, whatever title the debtor had at the levy and sale passed by the deed, because the title passed by the sale, and the deed could be executed at once. The same rule prevails in States where no redemption is allowed by statute. (*Starks* v. *Harrison*, 5 Rich. 7; *Ernstine* v. *Sawyer*, 2 Wend. 507; see, also, 9 Cowen, 182.) But under our statute the purchaser at Sheriff's sale gets no title till the Sheriff's deed is executed. (9 Cal. 103; 12 Cal. 128; 26 Cal. 655.)

It seems somewhat absurd to hold that when a man pays for the land and gets a certificate of entry, and then his

rights are divested by a Sheriff's sale, that, if the naked legal title comes into the debtor before the time for redemption expires, the same would not pass by the deed.

By the Court, CROCKETT, J.:

Assuming that the preëmption claim of Brennus Kenyon was subject to seizure and sale under the defendant's execution (a point not now necessary to be decided), all that the Sheriff could have done, and all that he attempted to do, was to seize and sell such right, title, and interest as Kenyon had in the premises at the time of the levy, and such as he acquired between the time of the levy and sale. At the date of the levy Kenyon had no title to the land, either legal or equitable, not then having paid the purchase money or obtained a certificate of purchase. (*Hutton* v. *Frisbie*, 37 Cal. 475.) But after the levy, and before the sale, he paid the purchase money and obtained a certificate of purchase, which vested in him an equitable title, and which entitled him to a conveyance of the legal title by a patent from the Government. Assuming that this equitable title was and could be sold to the defendant under the execution, when he obtained the Sheriff's deed he thereby became invested with the equitable title of Kenyon, and nothing more, this being all that the Sheriff sold, or had the power to sell. But the Sheriff had no power, and did not attempt, to bind Kenyon by any covenant of warranty, seizin, or for further assurance, nor are any such covenants implied by law in the Sheriff's deed. The defendant, by his purchase and the Sheriff's deed, had simply succeeded to the equitable title of Kenyon; and when the latter afterwards obtained the legal title by means of the patent, he held it in trust for the defendant, and could have been compelled to convey it upon a proper application to a Court of equity for that purpose. The de-

fendant, however, claims that under section thirty-three of the Act concerning conveyances, the legal title conveyed by the patent inured to his benefit, and vested in him by operation of law. But that section has no application to a Sheriff's deed made under an execution sale. This section provides that "if any person shall convey any real estate, by conveyance purporting to convey the same in fee simple absolute, and shall not at the time of such conveyance have the legal estate in such real estate, but shall afterwards acquire the same, the legal estate subsequently acquired shall immediately pass to the grantee, and such conveyance shall be valid as if such legal estate had been in the grantor at the time of the conveyance." To bring a conveyance within this section, it must have been made by the party by himself or his duly authorized attorney; but a Sheriff's deed is not made by the judgment debtor, nor does it purport to be a conveyance by him. On the contrary, it is made by an officer of the law having authority to convey the title of the judgment debtor *in invitum*, and does not, on its face, purport to convey the fee, but only such right, title, or interest as the judgment debtor had. The section above quoted has no application to such a conveyance. It results, from these views, that the defendant acquired, if anything, only an equity in the land by the Sheriff's deed, and that the legal title conveyed by the patent did not pass to the defendant; and if he desired to avail himself of his equitable title as a defense to this action, he should have pleaded it, and asked the appropriate relief. Not having done so, he was not entitled to give it in evidence, under the answer as it now stands.

I deem it unnecessary to express an opinion on the other points presented on the appeal.

Judgment reversed, and cause remanded for a new trial, with leave to the defendant to amend his answer if he shall elect to do so.

WALLACE, J., concurring specially:

I concur in the judgment.