[No. 2,821.]

## E. S. EMERSON *v*. ELIAS SANSOME.

SHERIFF'S DEED DOES NOT CONVEY AFTER-ACQUIRED INTEREST.—A Sheriff's deed transfers to the purchaser all the interest the execution debtor had in the land sold at the date of the levy, but no subsequently acquired right or interest of such debtor.

EXECUTION DEBTOR NOT ESTOPPED FROM SETTING UP AFTER-ACQUIRED TITLE.—An execution sale and Sheriff's deed does not estop the execution debtor from asserting a subsequently acquired interest or right of possession to the land sold, as against the right of possession and interest sold and transferred by the Sheriff's deed.

POSSESSORY RIGHTS UNDER THE UNITED STATES HOMESTEAD LAW.— Where the possessory claim of a settler on public land was sold out on execution, and afterwards he entered the same land as a homestead, under the Act of Congress of May 20th, 1862; *held*, that he had by his homestead entry acquired from the paramount proprietor a right and interest in the land which he did not possess at the time of levy and sale, and that this newly-acquired right and interest vested an independent right of possession, which would constitute a complete and valid defense to an action of ejectment based on the Sheriff's deed.

RENTS AND PROFITS OF POSSESSORY CLAIM SOLD BY SHERIFF.—Where the possessory claim of a settler on public land was sold out on execution and he afterwards entered the same land as a homestead, under the Act of Congress of May 20th, 1862; *held*, that, though the purchaser under the Sheriff's deed might not be entitled to the possession of the land, which had so been entered as homestead, he was entitled to the rents and profits for so long as the settler occupied the land intermediate the Sheriff's deed and homestead entry.

APPEAL from the District Court of the First Judicial District, San Luis Obispo County.

This was an action of ejectment for a piece of land in San Luis Obispo County, commenced in March, 1869. It appears that in July, 1868, two judgments were recovered by the plaintiff in a Justice's Court against the defendant, who had settled upon and was in possession of the land in question; that in August following the Sheriff, on executions duly issued on such judgments, levied upon and sold out all the right, title, interest, and claim of the defendant in and to the same; that the plaintiff became the purchaser and received the Sheriff's deed in February, 1869; that the defendant had continued in possession; and that in February, 1870, and after the commencement of the suit, defendant filed his declaration of intention to hold the same as a homestead right, in the United States Land Office, pursuant to the Acts of Congress to secure homesteads to actual settlers on the public domain, of May 20th, 1862, and March 21st, 1864.

There having been findings and judgment in the Court below in favor of the plaintiff for possession of the land and two hundred dollars damages, for withholding the same, the defendant appealed.

*L. D. Latimer*, for Appellant.

It is well settled that a Sheriff's deed on execution conveys only the right, title, or interest that the judgment debtor had at the time of the levy of the execution. No title or interest that defendant acquired after the sale passed by the Sheriff's deed. (*Montgomery* v. *Whiting*, Oct. Term, 1870; *Freeman* v. *Caldwell*, 10 Watts. 9; *England* v. *Clark*, 4 Scam. 486.)

Nor was the defendant estopped from showing an after-acquired title or right as against the plaintiff. The deed of the Sheriff was not the deed of the defendant. The Sheriff

could not have bound. the defendant by covenant; but there was no covenant, and hence no estoppel. (*Clark* v. *Baker*, 14 Cal. 628.)

Whatever the character of defendant's possession may have been prior to his entry of the land as a homestead, it is plain that from the time of such entry his possession was rightful. By the entry he connected himself with the original source of title—the United States—and acquired an interest in the land, and the right to its possession. By such entry he added to his naked possession the absolute right of possession; and there being no estoppel, he was entitled in this action to assert such subsequently acquired right.

*William J. Graves*, for Respondent.

The purchaser under an execution, in an ejectment against the defendant in the execution or one claiming under him, need not show any other title than a judgment, execution, and Sheriff's deed; and defendant will not be permitted to controvert such title by showing it to be defective or by setting up a better outstanding title in a third person. (*Lessee of Cooper* v. *Galbraith*, 3 Wash. C. C. 550; 3 Caines, 188; 10 John. 223; 2 Yeates, 443; 5 Binney, 270; 4 John. 22; 2 Binney, 463.)

The homestead entry conferred no title on Sansome. By his application he merely placed himself in the predicament of a person who could acquire a homestead right. He could acquire no title until he should have resided upon the land continuously, or cultivated it for the period of five years. By filing his affidavit, and paying fees and commissions, he had taken merely the preliminary steps; and at the very time he did these things his position on the land, the dwelling where he resided, the improvements, and everything belonging to him on it, and which would enable him to assert a homestead claim, belonged to Emerson by virtue of the execution sale. True, no after-acquired title would pass

by the Sheriff's deed, but every right and all title that Sansome then had did pass, and as unmistakably he had the possession which is presumed to be rightful, this passed to Emerson. Before, he was a preëmptor, and had placed himself in as near connection with the legal title as he did by turning his preëmption claim into a homestead claim. In either case his right was only inceptive. (*Hutton* v. *Frisbie,* 37 Cal. 475.)

By the Court, SPRAGUE, J.:

The Sheriff's deed of February 13th, 1869, transferred to the plaintiff all the interest the defendant had in the land in controversy at the date of the levy of the executions thereon, under which the sale thereof was subsequently made to plaintiff by the Sheriff, and no subsequently-acquired right or interest in such lands by the defendant could inure to the plaintiff as purchaser at such execution sale. Nor would such sale, followed by a Sheriff's deed to the purchaser, estop the defendant from asserting a subsequently-acquired interest or right of possession in such lands, as against the right of possession of and interest therein sold under execution and transferred by the Sheriff's deed.

It is apparent from the record that at the date of the levy of the executions by the Sheriff, and at the date of the sale of the lands thereunder—also at the date of the Sheriff's deed to the purchaser at such sale—the demanded premises were public lands of the United States; that defendant was in possession thereof, claiming right of possession merely, without title or any vested interest therein, as against the United States. This possessory claim of defendant, and nothing more, passed to the plaintiff by virtue of his purchase on execution sale and subsequent deed of the Sheriff. By the subsequent entry of the same lands as a homestead by the defendant, on the 1st of February, 1870, under the Act of

Congress of May 20th, 1862, he acquired, as I understand this Act of Congress, an interest in the lands and the absolute right of possession from the paramount proprietor, which possession, if actually continued for the period of five consecutive years from the date of the entry, will, under the Act above cited, entitle him to a patent therefor, on proof being made that he has resided on or cultivated the same for such term of five years, without further payment of money. The defendant then, by his homestead entry, acquired from the paramount proprietor a right and interest in the lands which he did not possess at the date of the levy and sale on execution, and this newly-acquired right and interest is in no way connected with or dependent upon his prior possession or interest which was sold on execution against him, but is an independent, substantive interest, vesting an independent, absolute right of possession acquired directly from the paramount proprietor. This interest and right of possession presented by defendant's supplemental answer is a complete and valid defense to the plaintiff's suit for possession, based upon his acquisition of the defendant's former simple possessory claim. I am of opinion, therefore, that, upon the facts as presented by the findings of the Court below, judgment should have been rendered for defendant upon the issue as to the right of possession tendered by his supplemental or amended answer.

This, however, could not relieve the defendant from his responsibility to plaintiff for the rents and profits of the premises from the date of the Sheriff's deed to plaintiff up to the date of defendant's homestead entry of the premises, or for so much of such period as defendant occupied the same.

Judgment reversed, and cause remanded for further proceedings.