[Sac. No. 270.   Department Two.—November 26, 1897.]

GEORGE RUPERT, Respondent, v. EDWARD JONES et al.,
Appellants.

QUIETING TITLE—EXECUTION SALE OF POSSESSORY RIGHT—TITLE ACQUIRED BY
    PRE-EMPTOR NOT AFFECTED.—A sale under execution against a pre-emp-
    tor, who had obtained a government patent for the land prior to the
    sale, which did not purport to convey his title in fee, but was merely
    of "all the right, title, and interest" held by him on the date of
    the filing of an abstract of a judgment recovered against him in a
    justice's court, upon which the execution was issued, at which date
    the pre-emption settler had only a possessory claim to the land as
    such settler, and had not proved up or paid for the land, did not
    pass or affect the title acquired by him subsequently to that date,
    and he may maintain an action to quiet his title in fee as against
    the purchasers at the execution sale.

APPEAL from a judgment of the Superior Court of Fresno
County.   J. R. Webb, Judge.

The facts are stated in the opinion.

John E. F. Edwards, and M. K. Harris, for Appellants.

George L. Hood, and G. G. Goucher, for Respondent.

BELCHER, C.—This is an action to quiet the plaintiff's title
to a quarter section of land in the county of Fresno.   The plain-
tiff had judgment, and the defendants appeal therefrom on the
judgment-roll, without any statement or bills of exceptions.

The material facts of the case, as found by the court, are in
substance as follows: In April, 1891, plaintiff entered into pos-
session of the said quarter section of land, and on November 22,
1891, made final proof thereon in the United States land office
at Visalia, county of Tulare.   On February 14, 1893, the United
States government issued to the plaintiff its patent for the
said land.   On November 10, 1891, defendants filed in the re-
corder's office in the county of Fresno an abstract of a judgment
recovered by them against the plaintiff in a justice's court on
August 26, 1891.   On August 26, 1893, an execution was issued
out of the justice's court, and on October 7, 1893, "all of the
right, title, and interest of George Rupert, the plaintiff, which
he had on the tenth day of November, 1891, in the said land de-

scribed in the plaintiff's complaint was sold by a constable." The said constable "sold, or attempted to sell, only such right, title, and interest in the said lands as the plaintiff herein had and was possessed of on the tenth day of November, 1891, and no interest of said plaintiff subsequent to said tenth day of November, 1891, was sold by said constable, or claimed to be sold:"

And as conclusions of law the court found that the plaintiff was the owner in fee of the land described in his complaint, and was entitled to a judgment quieting his title to the same as against the defendants and each of them.

It will be observed that it does not appear from the findings that the defendants were purchasers at the constable's sale or successors in interest of a purchaser, or that they ever received a constable's deed for any interest sold. But assuming that they were such purchasers, and in due time received the constable's deed, still, on the 10th of November, 1891, the plaintiff had only a possessory claim to the land as a pre-emption settler. He had not then any title to the land and did not acquire any until he proved up and paid for it. The title afterward acquired did not pass by the sale, as it is found to have been made, and was not affected by it. (*Montgomery v. Whiting,* 40 Cal. 294; *Moore v. Besse,* 43 Cal. 511; *Thrift v. Delaney,* 69 Cal. 192.)

The judgment should be affirmed.

Haynes, C., and Chipman, C., concurred.

For the reasons given in the foregoing opinion the judgment is affirmed.

                McFarland, J., Van Fleet, J., Garoutte, J.

Hearing in Bank denied.