[S. F. No. 872.    Department One.—January 20, 1899.]

## JOHN LLOYD, Assignee, etc., Respondent, v. JOHN DAVIS et al., Appellants.

FORECLOSURE OF MORTGAGE—AMENDED COMPLAINT—STATUTE OF LIMITATIONS—PLEADING—APPEAL.—An amended complaint in an action to foreclose a mortgage, which is consistent with the conclusion that the debt is not barred by the statute of limitations, is not subject to demurrer on that ground; and, if the record upon appeal in the action does not disclose the date of the original complaint, or of the commencement of the action, an order overruling a demurrer setting up the statute, will be sustained upon appeal; and, in the absence of a plea of the statute of limitations in the answer, the statute will not be considered.

ID.—REAL PARTY IN INTEREST—ASSIGNEE IN BANKRUPTCY—DEATH OF TRUSTEES—JURISDICTION OF DISTRICT COURT.—Upon the death of a trustee of a bankrupt appointed pursuant to section 43 of the bankrupt act of 1879, to whom a note and mortgage had been executed, upon which an action of foreclosure had been brought by him, as such trustee, the district court of the United States had exclusive jurisdiction to appoint an assignee of the bankrupt as successor of the trustee, and no successor thereto could be appointed by the superior court under section 2289 of the Civil Code. The assignee in bankruptcy chosen by the

district court had the right to be substituted as plaintiff, and to proceed with the action to foreclose the mortgage, as the real party in interest.

ID.—MORTGAGE UPON UNDIVIDED INTEREST—FORECLOSURE UPON LOT—DECREE IN PARTITION—RES ADJUDICATA.—Where the original mortgage covered an undivided interest in a ranch, and prior to the action to foreclose, the ranch was partitioned in an action to which the trustee in bankruptcy and the appellants were parties, and in lieu of the undivided interest covered by the mortgage, several parcels were set off to the mortgagee, and were adjudged by the decree to be subject to the lien of the mortgage, such decree is *res adjudicata*, and the mortgage may be foreclosed upon a lot included in those parcels, whether it was originally covered by it or not.

ID.—PAYMENT OF TAXES BY MORTGAGEE—RECEIPTS IN OTHER NAMES—POSSESSION OF MORTGAGEE—PRESUMPTION —Receipts for taxes on the mortgaged lands found in the possession of the deceased mortgagee, raise a presumption that the taxes were paid by him, in the absence of proof to the contrary, though one of them was in the name of the mortgagor, and another in the name of an express company.

APPEAL from a judgment of the Superior Court of Contra Costa County and from an order denying a new trial. Joseph P. Jones, Judge.

The facts are stated in the opinion.

A. H. Griffith, for Appellant.

Edward J. Pringle, for Respondent.

HAYNES C.—Suit to foreclose a mortgage executed by appellants to "Rudolph Hochkofler, trustee of the creditors of D. Ghirardelli, bankrupt," on the sixth day of April, 1883, to secure their promissory note of that date for the sum of seventeen thousand nine hundred and sixty-one dollars and twenty-five cents, payable to the order of said Hochkofler, as such trustee, one year after the date thereof, with interest at seven per cent. per annum.

The action was dismissed as to the other defendants not above named. The plaintiff had judgment, and defendants appeal therefrom and also from an order refusing a new trial.

The complaint upon which the cause was tried purports to be an "amended and supplemental complaint," and no other appears.

in the transcript.  To this complaint the defendants demurred: 1. That it did not state facts sufficient to constitute a cause of action; and 2. That said cause of action is barred by the provisions of section 337 of the Code of Civil Procedure.  The demurrer was overruled and the defendants answered, but did not by their answer plead any statute of limitations, and as there was no issue there was no finding upon that question.

The amended and supplemental complaint was filed December 30, 1895.  It shows that the action was commenced by Rudolph Hochkofler, as trustee, to whom said note and mortgage were executed, but neither the original complaint nor any statement of the date at which it was filed appears in the transcript, and therefore it does not appear that the action was barred at the time the suit was commenced.  In *Wise v. Williams*, 72 Cal. 544, 548, it is said: "Unless it clearly appears from the face of the complaint that plaintiff's cause of action is barred the issue must be raised by answer"; and in *Curtiss v. Aetna Life Ins. Co.*, 90 Cal. 245, 249, 25 Am. St. Rep. 114, it is said: "Here, however, the question is as to a rule of pleading, and we do not understand that a complaint showing money to have been loaned at a date sufficiently remote to admit of the running of the statute raises a presumption that it has run.  On the contrary, when the allegation is consistent with the opposite conclusion, *i. e.*, that the debt is not barred, the defense must be raised by plea"; and several cases are there cited to that proposition.  As the original complaint may have been filed before the statute had run, and nothing appearing in the amended complaint to show that it had not, the demurrer was properly overruled so far as that ground is concerned.

Under the other ground of demurrer, viz., that the complaint does not state facts sufficient to constitute a cause of action, it is contended that the facts alleged show that the plaintiff is not the real party in interest.

This question is raised also by the answer, by exceptions to evidence and an attack upon the second finding, and may, therefore, be discussed generally.

The general facts of the case are that on June 6, 1870, D. Ghirardelli and Angelo Mangini, copartners, were, as copartners and individually, upon petition of their creditors, adjudged

bankrupts by the United States district court for the district of
California under the bankruptcy act of 1867.   On June 24, 1870,
it was resolved by said creditors that it was for their best in-
terests that the estate of said bankrupts should be settled and
distribution made by a trustee under the inspection and direc-
tion of a committee of creditors, pursuant to section 43 of said
act (U. S. Rev. Stats., sec. 5103), and the creditors thereupon
nominated Rudolph Hochkofler as such trustee, and Joseph W.
Stow and B. Corruth as such committee, and on July 11, 1870,
said court confirmed said proceedings and ordered said bank-
rupts to convey, transfer, and deliver all their property and es-
tate to said trustee, and this order was complied with on July
15, 1870.

All or part of the mortgaged premises were conveyed by
Ghirardelli to one Ivancovich prior to the proceedings in in-
solvency, and on April 8, 1871, Ivancovich conveyed to the de-
fendant, John Davis, the same land, and Davis and wife executed
to Ivancovich a mortgage thereon to secure the sum of eight
thousand dollars, and this mortgage was assigned by Ivancovich
to said Rudolph Hochkofler as such trustee in February, 1875,
and on April 6, 1883, Davis and wife executed to said trustee a
new note and mortgage, the same that are here in suit.

Hochkofler, the trustee, died in September, 1891, after having
commenced this action.

The bankruptcy act of 1867 was repealed in June, 1878, to
take effect September 1st, of that year, with a proviso that such
repeal should not invalidate or affect any case in bankruptcy
instituted and pending prior to the day the repeal should take
effect, but as to cases so pending the act repealed should con-
tinue in full force and effect until they were finally disposed of.

On December 24, 1891, J. M. Gitchell, purporting to act as
one of the registers in bankruptcy in said district court, reported
to said court that said trustee had recently died, and that there
was no person in charge of said bankrupts' estate, and there-
upon, and upon the recommendation of certain creditors, said
court made an order appointing John Lloyd, the plaintiff herein,
an assignee in bankruptcy of said bankrupts' estate, and ordered
that the executor of said Hochkofler, deceased, execute to said
Lloyd a deed of assignment of all the estate, right, title, and in-

terest which said Hochkofler had, as trustee, in the estate of said
bankrupts, and such conveyance and transfer was made and said
Gitchell, as register in bankruptcy also executed to said Lloyd
an assignment of the same estate and effects; and on January
10, 1892, the superior court in which this action was pending
made an order substituting said Lloyd as plaintiff in this action
in place of said Hochkofler, deceased.

Appellants contend that the creditors of the bankrupts hav-
ing elected a trustee to settle the estate under the direction of a
committee, and the estate, property, and effects of the bankrupts
having been conveyed and assigned to the trustee, the district
court had no jurisdiction to appoint an assignee, or to authorize
or direct a conveyance and transfer of the estate to him; that
Hochkofler was the trustee of an express trust; that the order
of the district court appointing an assignee did not extinguish
the trust or alienate the property rights or interests of the bene-
ficiaries, or vest any rights, duties, or functions in the assignee,
and that therefore it appears that "Lloyd, assignee of the estate
of D. Ghirardelli, bankrupt," is not the real party in interest in
this action; and that a trustee should have been appointed by the
superior court, in which this action was pending, under the pro-
visions of section 2289 of the Civil Code, which provides:

"When a trust exists without any appointed trustee or where
all the trustees renounce, die or are discharged, the superior
court of the county where the trust property, or some portion
thereof, is situated must appoint another trustee, and direct the
execution of the trust."

In this we think appellants are mistaken. The settlement of
the estate of a bankrupt under the provision of section 43 of
said act (U. S. Rev. Stats., sec. 5103), by a trustee, does not
divest the jurisdiction of the district court, but said section ex-
pressly declares that "the winding up and settlement of any
estate under the provisions of this section shall be deemed to be
proceedings in bankruptcy, and the trustees shall have all the
rights and powers of assignees in bankruptcy." It also provides
that the trustee shall have and hold the property conveyed to him
in the same manner and with the same powers and rights as
the assignee in bankruptcy would have done.

The settlement of the estate of a bankrupt by a trustee, under

said section, being "a proceeding in bankruptcy," over which the state courts have no jurisdiction, it would appear to be clear that the superior court could not have the power to appoint a successor to the trustee or "to direct the execution of the trust"; and it would appear to be equally clear that the jurisdiction of the district court, not having been divested by the election of the creditors to appoint a trustee, continued for the purpose of such further action as the circumstances might require; and, having jurisdiction to take some proper proceeding, a mistake as to the proper step to be taken would be an error merely and could not be attacked collaterally. It can make no difference to the appellants by whom payment of their liability upon the note and mortgage may be enforced, provided that payment thereof secures them from further liability; and it is not suggested that there could be such liability to anyone except the creditors, who, they rightly say, are the beneficiaries of the trust. But these creditors are parties to the proceedings in bankruptcy, though not individually named upon the record, and are bound by the action of the bankruptcy court, unless in some proper manner they have such action set aside and vacated. But that said court had power, by some appropriate action, to prevent an absolute failure of the purposes and intent of the bankrupt act, I think is beyond question. No provision was made for the contingency of the death of the trustee, nor for the appointment of a successor. In *In re Trowbridge*, 9 Nat. Bank. Reg. 276, Fed. Cas. No. 14191, it was said: "The proceeding contemplated by section 43 is evidently intended to be one by arrangement, and not by judicial process or proceedings. The power and jurisdiction of the court, are, however, retained over the matter, in order that it may interfere whenever it may become necessary for the preservation and enforcement of the rights of all parties concerned."

It is obvious that circumstances made it necessary for the district court to take some action for the preservation of the rights of the creditors, and we are not called upon to decide whether its action was technically regular or not; it had jurisdiction, and the creditors are concluded by its order. Respondent, having been vested with all the right, title, and interest which was before vested in the trustee, was rightly substituted

as plaintiff in the action, and for the purposes of the action is the real party in interest.

The court found that lot 192, containing forty-one and seventeen-hundredths acres, was covered by said mortgage, and this finding is attacked by appellants.

In addition to several parcels specifically described in the mortgage, there was included therein an undivided interest in the ranch San Pablo, amounting to one hundred and twenty-one acres. Prior to the commencement of this action an action was brought to partition said rancho, and Hochkofler, the mortgagee, and these appellants were made parties. All the lands described in said mortgage were parts of said rancho, but five several parcels described in the complaint were set off to Davis in satisfaction of his undivided interest of one hundred and twenty-one acres, and said lot 192 was one of these five parcels; and by the decree in the partition case all of them were adjudged to be subject to the lien of said mortgage. Defendant Davis testified that he got said lot by taking possession in his own right, but admitted that it was decreed to him in the partition. It was therefore adjudged in the partition case that it was included in the mortgage, and by that adjudication both these parties are bound, whether said lot was originally covered by the mortgage or not.

The costs in said partition suit assessed against defendant John Davis amounted to two thousand six hundred and six dollars and forty-five cents. These costs were a judgment lien on the mortgaged premises, and were paid by plaintiff Lloyd, and included in the amount found due under the mortgage. The mortgage authorized the payment, but appellants contend that this amount was settled by the transfer of a claim against the California & Nevada Railroad Company. As to whether it was taken in satisfaction of said judgment, or to be applied if collected, the evidence was conflicting, and we cannot disturb the finding that it was not paid by said transfer.

Appellants also object to the amount of taxes found by the court to have been paid by the mortgagee, and quote from the sixth finding that "there is now due and owing to the plaintiff for amount paid on taxes on the mortgaged premises, with interest, the sum of four thousand three hundred and sixty-four dollars and seventy-eight cents." The quotation omits the fol-

lowing, which appears in the finding after the word "plaintiff," viz., "for amounts paid in satisfaction of the judgment in said partition suit and"; so that said sum includes both judgment and taxes. The amount of taxes found to have been paid by the plaintiff is sustained by the evidence, if the evidence was properly received.

It was objected to the introduction of receipts for taxes paid before the present plaintiff was appointed assignee, that they did not show that the taxes were paid by Hochkofler, the mortgagee, one of them reading, "Received from John Davis," et cetera, and another, "Received from Wells, Fargo & Co."

These receipts came to the hand of the plaintiff among the papers left by Hochkofler at his death. Under section 4 of article 13 of the constitution, a mortgage, for the purpose of taxation, is deemed an interest in the property affected thereby, and the taxes assessed are made a lien on the property and security, and may be paid by either party; and if the tax on the land be paid by the owner of the security it becomes a part of the debt so secured. As the mortgagee had not only a legal right to pay the tax assessed upon the land, but as it was his duty to do so for the protection of his security, we think they were admissible as evidence tending to prove that the taxes were paid by him as mortgagee, and was sufficient to justify the finding in the absence of evidence on the part of the defendants, who must have had personal knowledge of the fact if the taxes had been paid by them.

Appellants in their opening brief attack the correctness of the computation of interest upon the note, contending that an agreement was made by which the annual interest should be one thousand dollars per annum, instead of seven per cent, and also that there was paid upon account of interest after March 1, 1891, the sum of three thousand nine hundred and twenty-four dollars and seventy-five cents, and computes the interest accordingly.

Neither of these points are made by any specification of insufficiency of evidence or error of law. The only specification relating to interest in any manner is the fourth, which says: "The sixth finding is unsustained by the evidence for the reason that both by the complaint and the evidence it is affirmatively shown that all interest on said note and mortgage was paid down to

March 1, 1891"; and it is not specified that there was any omission to credit interest paid after that date.   It is explained by respondent that the payments made after March 1, 1891, were applied upon interest and paid the interest to that date.   The agreement to reduce the interest to one thousand dollars per annum is in the record, and contains the condition that it should not have effect longer than  the annual  payments should be punctually made.   Finding no error in the record, I advise that the judgment and order appealed from should be affirmed.

Chipman, C., and Britt, C., concurred.

For the reasons given in the foregoing opinion the judgment and order appealed from are affirmed.

Garoutte, J., Harrison, J., Van Dyke, J.