[S. F. No. 16183.   In Bank.   Oct. 30, 1942.]

MARY NOBLE et al., Appellants, v. FRANK BEACH et al., Respondents.

Booth B. Goodman and Lionel B. Benas for Appellants.

Frank J. Fontes for Respondents.

TRAYNOR, J.—In 1934, appellants obtained a judgment against Milton J. Wiren in Alameda County, and there recorded an abstract of the judgment. In 1935, the judgment debtor's mother, Amanda W. Wiren, died testate and by her will devised a parcel of real property situated in Alameda County and a parcel situated in San Francisco County to respondents Milton J. Wiren, Mildred Tellier, and Ruth A. Williams in equal undivided shares. Appellants then recorded an abstract of their judgment in San Francisco County and levied execution upon the debtor's interest in the San Francisco property. In 1936, one of the devisees filed a petition in the estate proceedings to partition the real property. Thereafter, appellants levied execution on Wiren's interest in the Alameda real property, and at sheriff sales in Alameda and San Francisco counties they purchased his interest in the Alameda property for $700 and his interest in the San Francisco property for $750. Following the execution sales, an order for partition was entered by the probate court in the estate of Amanda W. Wiren whereby the Alameda property was allocated to Milton J. Wiren in sole ownership, and the San Francisco property was allocated to the other devisees. Wiren then sold his interest in the Alameda property to respondent Frank Beach, who purported to redeem that parcel from the execution sale by paying to appellants the sum of $700 plus interest and penalties. A decree of final distribution in the estate of Amanda W. Wiren was subsequently entered by the probate court, ordering distribution of the Alameda County property to Frank Beach as assignee 'of Milton J. Wiren, and distribution of the San Francisco County property to Mildred Tellier and Ruth A. Williams.

Appellants brought this action for declaratory relief to secure an adjudication of their rights in the Alameda and San Francisco real property. At the commencement of the action, a balance of $4,619.49 remained unpaid on their judgment, and they claimed ownership of either an undivided two-thirds interest in the Alameda property or an undivided one-third interest in the San Francisco property. As an alternative, appellants contended that either an undivided two-thirds interest in the Alameda property was subject to the lien of their judgment or that they had a lien on an undivided one-third interest in the San Francisco property. From a judgment determining that appellants have no interest in either parcel and quieting the title of certain respondents to the property, this appeal is taken on the judgment roll.

94

■ The main issue is the nature and extent of the interest in the Alameda County property acquired by appellants as purchasers at the execution sale held in that county. It is well settled that the estate of a decedent vests, subject to administration, in his heirs or devisees and legatees immediately upon his death (*Schade* v. *Stewart*, 205 Cal. 658 [272 P. 567]; *Estate of Yorba*, 176 Cal. 166 [167 P. 854]; Prob. Code, §§ 28 and 300), and a devise given to more than one person generally vests in them as owners in common. (Prob. Code, § 29.) Before distribution, a creditor may obtain a judgment lien on the interest of his debtor as heir or devisee and legatee of an estate (*McGee* v. *Allen*, 7 Cal.2d 468 [60 P.2d 1026]; *Martinovich* v. *Marisciano*, 137 Cal. 354 [70 P. 459]), and he may execute upon the debtor's interest at that time. (*McGee* v. *Allen, supra*; *Estate of Lind*, 1 Cal.2d 291 [34 P.2d 486]; Code Civ. Proc., § 688.) Upon a sheriff's sale of real property the purchaser is "substituted to and acquires all the right, title, interest, and claim of the judgment debtor" thereto at the date of the levy or sale. (Code Civ. Proc., § 700.) A sale by the sheriff has the same force and effect as a conveyance by the judgment debtor in the form of a quitclaim deed at the date of the sale (*Freelon* v. *Adrian*, 161 Cal. 13 [118 P. 220]; *Frink* v. *Roe*, 70 Cal. 296 [11 P. 820]; *Kenyon* v. *Quinn*, 41 Cal. 325; *Estate of Pierce*, 28 Cal.App.2d 8 [81 P.2d 1037], and it does not operate to convey any after-acquired title or interest of the judgment debtor. (*Rupert* v. *Jones*, 119 Cal. 111 [51 P. 26]; *Frink* v. *Roe, supra*; *Emerson* v. *Sansome*, 41 Cal. 552.) From these established principles it follows that title to an undivided one-third interest in the Alameda and San Francisco property immediately vested in Milton J. Wiren upon the death of Amanda W. Wiren. By recording abstracts of their judgment, appellants obtained a lien on Wiren's interest as devisee, and as purchasers at the execution sales they acquired the interest that Wiren then had in the parcels of realty, representing an undivided one-third interest in the Alameda property and a similar interest in the San Francisco property. As a result of the subsequent partition, Wiren's undivided one-third interest in the San Francisco property was transmuted into an undivided two-thirds interest in the Alameda property. Appellants did not acquire this additional interest in the Alameda property allotted to Wiren on partition by virtue of the Alameda execution sale alone, for it constituted an "after-acquired" title or interest that does not inure to the benefit of the purchaser.

Respondents seek to avoid this conclusion by the argument that inasmuch as a partition deed or decree does not create or convey any new or additional title or interest the undivided two-thirds interest in the Alameda property was not "after-acquired" property within the rule. The broad doctrine that partition does not create or convey a new or additional title or interest but merely severs the unity of possession is widely accepted and variously applied. (*Estate of Putnam*, 219 Cal. 608 [28 P.2d 27] ; *Rose* v. *Mesmer*, 142 Cal. 322 [75 P. 905] ; *Lloyd* v. *Davis*, 123 Cal. 348 [55 P. 1003] ; *Wade* v. *Deray*, 50 Cal. 376 ; *Potrero Nuevo Land Co.* v. *All Persons*, 29 Cal.App. 743 [156 P. 876] ; see Tiffany, Real Property, 3d ed., vol. 2, 470.) The following rules are often described as resulting from an application of the doctrine : One who has a mortgage upon an undivided interest acquires upon partition a mortgage on the portion allocated in severalty to the mortgagor (*Betts* v. *Ward*, 196 Ala. 248 [72 So. 110] ; *Baltzell* v. *Daniel*, 111 Fla. 303 [149 So. 639, 93 A.L.R. 1259] ; *Webb* v. *Rowe*, 35 Mich. 58 ; see *Lloyd* v. *Davis, supra.*) Upon partition of property held in cotenancy the lien existing on an undivided interest attaches solely to the land allotted to the cotenant against whose interest the lien was a charge (Code Civ. Proc., § 769 ; see Freeman, Cotenancy and Partition, 415), and a cotenant who undertakes to convey his interest in a particular portion of a general tract and subsequently receives such portion on partition is estopped from asserting title thereto against his grantee. (*East Shore Co.* v. *Richmond Belt Ry.*, 172 Cal. 174 [155 P. 999] ; *Emeric* v. *Alvarado*, 90 Cal. 444 [27 P. 356] ; *Wade* v. *Deray, supra.*) Considerations of policy must, however, determine the application of the doctrine (see *Baltzell* v. *Daniel, supra*; *Loomis* v. *Riley*, 24 Ill. 307). It will not be mechanically applied to confer upon the execution sale purchaser of a contenant's undivided interest in specific property any additional interest in that property subsequently allotted the former owner on partition in place of his undivided interest in another parcel. Because the original grant to a cotenant embraces an undivided interest in and title to the entire tract or estate, a partition deed or decree technically does not confer upon him a new title or interest. Practically it does, however, as the present case illustrates, for before the partition Wiren could convey only an undivided one-third interest in the Alameda property, but thereafter he was able to convey the entire prop-

erty. He had the power to make that conveyance because he acquired by partition that which he did not previously have. (See Tiffany, Real Property, 3d ed., vol. 2, p. 470.)

Respondents also contend that the decree of distribution vested the sole ownership of the Alameda property in Milton J. Wiren upon the death of his mother, and a court of equity cannot hold that only an undivided one-third interest in the property was vested in him at the date of the sale without overstepping its bounds and attempting to impeach the decree of distribution by means of the will. That argument is dispelled, however, by the fact that the probate court has no power, on distribution, to pass on the rights and claims of a judgment lien creditor of the devisee (*McGee v. Allen, supra; Martinovich v. Marisciano, supra*) or an execution purchaser or assignee of the devisee's interest. (*McGee v. Allen, supra; Kingsbury v. Ross,* 217 Cal. 484 [19 P.2d 784] ; *Cooley v. Miller & Lux,* 156 Cal. 510 [105 P. 981] ; *Estate of Crooks,* 125 Cal. 459 [58 P. 89] ; *Estate of Burton,* 93 Cal. 459, 461 [29 P. 36] ; *Chever v. Ching Hong Poy,* 82 Cal. 68 [22 P. 1081].) Those claims may be asserted in a collateral suit, and it would be unfair to the debtor to hold that he lost by the execution sale not only his then interest in the specific property sold but also any additional interest in that property thereafter allotted to him on partition in place of his undivided interest in other property merely because the Probate Code (§§ 1100 *et seq.*) makes provision for partition before distribution and states that an allotment made therein shall control upon proceedings for distribution. (§ 1106.)

The next inquiry concerns the interest acquired by appellants as purchasers at the San Francisco execution sale. Before partition, Wiren had an undivided one-third interest in the San Francisco property, and as a cotenant he held that interest subject to the contingency of its loss if on subsequent partition that parcel were allocated to one of his cotenants. (*East Shore Co. v. Richmond Belt Ry., supra; Emeric v. Alvarado, supra.*) Appellants, as purchasers at the execution sale, acquired Wiren's interest in the property subject to that contingency (*East Shore Co. v. Richmond Belt Ry., supra; Emeric v. Alvarado, supra*), and when by partition the entire San Francisco property was allocated to Mildred Tellier and Ruth A. Williams, appellants lost their interest in that property. The decree of distribution disposing of the property in accordance with the terms of the partition decree

also concluded appellants' rights therein. (*William Hill Co.* v. *Lawler*, 116 Cal. 359 [48 P. 323] ; *Estate of Lux*, 149 Cal. 200 [85 P. 147].)

Before partition, however, appellants were substituted to the claims of the debtor and they acquired Wiren's entire interest in the San Francisco property. That interest necessarily included the right to have an additional interest in the Alameda land allocated to him by the probate court, in the event the court made such an allocation, in lieu of his undivided interest in the San Francisco land. If on partition Wiren had been allotted a fractional interest in severalty in the San Francisco property, that interest would have inured to the benefit of appellants (*East Shore Co.* v. *Richmond Belt Ry., supra; Emeric* v. *Alvarado, supra; Wade* v. *Deray, supra*), and the same result should follow when by partition Wiren's undivided interest therein was transferred to a different parcel. If appellants had merely a lien on Wiren's interest in the San Francisco property, they would be entitled to look to the property assigned to their debtor in the partition proceedings under section 769 of the Code of Civil Procedure which reads: "When a lien is on an undivided interest or estate of any of the parties, such lien, if a partition be made, shall thenceforth be a charge only on the share assigned to such party. . . ." The diligent creditor who causes the debtor's interest to be sold on execution and purchases that interest should be in no less favorable position, and section 766 provides that "if . . . any of the cotenants has conveyed to another person his interest . . . such conveyance, whatever its form, shall be deemed to have passed to the grantee any lands which, after its execution, may have been set aside to the grantor in severalty. . . ." This after-acquired interest of the debtor represented, and was dependent upon, his previous interest sold on execution (see *Wade* v. *Deray, supra*), and the San Francisco execution sale and the Alameda execution sale are readily distinguishable on this basis. Since the devisee's entire interest in the two parcels of realty comprising the estate of the testatrix was sold before distribution at successive execution sales, the purchaser who took subject to administration also took the interest in the real property thereafter allocated to the devisee in the partition proceeding.

It follows that respondent Beach, as Wiren's grantee, acquired merely the debtor's equity of redemption, and that by

paying to appellants the sum bid at the Alameda County execution sale, he redeemed only an undivided one-third interest in the Alameda property. Appellants remained owners, subject to redemption, of an undivided two-thirds interest in the property.

The special defenses interposed by respondents are not supported in the facts. Respondents contend that the decree of distribution awarding the property to respondents without mention of the claims or interest of appellants therein is res judicata as to their rights, and that by their failure to assert their rights at the time of distribution, appellants are guilty of laches and are estopped from claiming an interest in the property. There is no provision in the Probate Code, however, for determining the rights of a judgment lien creditor or execution purchaser in the devisee's share of a decedent's estate. (*McGee* v. *Allen, supra; Martinovich* v. *Marisciano, supra.*) A judgment creditor or grantee of a devisee may urge his claims in a separate suit. (*McGee* v. *Allen, supra; Kingsbury* v. *Ross, supra; Martinovich* v. *Marisciano, supra; Cooley* v. *Miller & Lux, supra; Estate of Crooks, supra; Estate of Burton, supra; Chever* v. *Ching Hong Poy, supra.*) Since the probate court was without power to pass upon the claims of a creditor or grantee of the devisee, the filing of a written request for, and waiver of, notices in the estate proceedings by appellants did not confer that power upon the court. Similarly, the failure of appellants to assert their rights at the time of distribution cannot constitute the basis for an estoppel or make appellants guilty of laches. The decree of distribution awarding the sum of $508.12 and certain shares of stock, representing Wiren's share of personalty in the estate, to the debtor and providing for delivery to the sheriff pursuant to appellants' execution did not determine any rights or claims of the judgment creditor. It merely recognized the procedure set forth in section 561 of the Code of Civil Procedure, which is designed to protect the creditor in whatever rights he may have. It follows that the acceptance by appellants of the benefit of that portion of the decree did not estop them from asserting their rights against the real property.

Respondents rely upon the fact that this appeal is taken on the judgment roll alone, and that the present inquiry is therefore limited to a consideration of whether the findings support the judgment. (*Ward* v. *Ward,* 15 Cal.2d 234, 236

[100 P.2d 773]; *Gin S. Chow* v. *City of Santa Barbara*, 217 Cal. 673 [22 P.2d 5]; *Hollywood Cleaning & P. Co.* v. *Hollywood Laundry Service*, 217 Cal. 124 [17 P.2d 709].) They contend that the findings of res judicata, estoppel, and laches support the judgment. With respect to these special defenses the trial court found that all the allegations of the cross-complaints and all the affirmative defenses interposed by respondents are true and supported by the evidence. This finding can only be construed as a legal conclusion and a finding that the factual matters alleged in support of such defenses are true. The facts alleged, even if accepted, do not support the defenses, and even if the finding be deemed one of ultimate fact, a reversal of the judgment is nonetheless required, for the case is brought within the rule that ''where it clearly appears that the ultimate fact found is based upon and adduced from the findings of probative facts, and it is plain that the latter do not justify or support the ultimate fact found, the findings of probative facts will control . . . and so deprive the judgment of support.'' (*Geer* v. *Sibley*, 83 Cal. 1 [23 P. 220]; *Lamanet* v. *Lamanet*, 18 Cal.App.2d 402 [63 P.2d 1195]; *Whitney* v. *Redfern*, 41 Cal.App.2d 409 [106 P.2d 919].) The trial court's alleged finding of the ultimate fact that respondent Beach was and is the owner of the Alameda property and that appellants have no right, title, interest, or claim in or to said property clearly falls within this rule.

That part of the judgment quieting the title of respondent Mildred Tellier to the San Francisco property is affirmed; that part of the judgment quieting the title of respondent Frank Beach to the Alameda County property and decreeing that appellants have no interest therein is reversed.

Gibson, C. J., Curtis, J., Edmonds, J., Carter, J., and Schauer, J. pro tem., concurred.